UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| 317 WEST 35TH STREET REALTY LLC, | Case No. 10-14324 |
| Debtor. | |

-----------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| 319 WEST 35TH STREET REALTY LLC, | Case No. 10-14325 |
| Debtor. | |

-----------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| 529 WEST 48TH STREET REALTY LLC, | Case No. 10-14326 |
| Debtor. | |

-----------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| 534 WEST 50TH STREET REALTY LLC, | Case No. 10-14327 |
| Debtor. | |

-----------------------------------------------------------x

Allen Stein, deposes and says under penalty of perjury, as follows:

1. On August 12, 2010, 317 West 35th Street Realty LLC, 319 West 35th Street Realty LLC, 529 West 48th Street Realty LLC and 534 West 50th Realty LLC (collectively,

1

the "Debtors") each filed a petition for relief under the protective provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code"). I am the managing member of each of the Debtors.

2. Each of the Debtors owns an apartment building in the borough of Manhattan, New York, at the address indicated by the Debtor's name. The Debtors do not have current appraisals upon which to determine the value of the properties.

3. The 317 West 35th Street property has 15 residential tenants and 2 commercial tenants. It appears to be encumbered by a mortgage in the amount of approximately $3.8 million, New York City tax, water and sewer charges of approximately $60,000 and general unsecured claims of approximately $4.5 million, (largely representing cross-guaranteed investor claims). The Debtor believes that the property should be worth approximately $4.5 million.

4. The 319 West 35th Street property has 7 residential tenants and 2 commercial tenants. It appears to be encumbered by a mortgage in the amount of approximately $2.2 million, New York City tax, water and sewer charges of approximately $30,000 and general unsecured claims of approximately $4.5 million, (largely representing cross-guaranteed investor claims). The Debtor believes that the property should be worth approximately $2.5 million.

5. The 529 West 48th Street property has 20 residential tenants and 1 commercial tenant. It appears to be encumbered by a mortgage in the amount of approximately

$3.6 million, New York City tax, water and sewer charges of approximately $70,000 and general unsecured claims of approximately $4.5 million, (largely representing cross-guaranteed investor claims). The Debtor believes that the property should be worth approximately $3.95 million.

6. The 534 West 50th Street property has 20 residential tenants. It appears to be encumbered by a mortgage in the amount of approximately $3.6 million, New York City tax, water and sewer charges of approximately $30,000 and general unsecured claims of approximately $4.5 million, (largely representing cross-guaranteed investor claims). The Debtor believes that the property should be worth approximately $4.25 million.

7. Prior to the filing of these Chapter 11 cases, the Debtors commenced a action against, among others, the Bank of Smithtown, alleging misconduct with respect to the Bank's intention to transfer its claims against the properties. Initially, the Supreme Court enjoined the transfer of the claims, and thereafter, the Bank agreed to allow the Debtors to reinstate the mortgages. The Debtors were unable to do so and thereafter filed their Chapter 11 petition.

8. The Debtor's financial problems are primarily the result of problems dating back to 2008 to 2009: (a) misrepresentation made at the time the Debtors purchased the properties, (b) the economic downturn which caused a number of tenants to default and limited the amount of rent that could be obtained from replacement tenants, (c) higher than anticipated

renovation and operating expenses. The Debtors' principal has advanced substantial sums to address these issues, and believes that the Debtors' future prospects are good.

9. Having made substantial progress towards stabilizing its finances, the Debtors' objective in these Chapter 11 cases is to restructure, refinance or reinstate the existing loans to facilitate a realistic return for all interested parties.

10. In the meantime, the Debtors intend to seek authorization to use cash collateral solely to preserve and protect the properties. Tentative budgets for each property are annexed hereto.

11. No committee of creditors was previously appointed hereto.

12. The schedule of twenty (20) largest non-insider unsecured creditors is annexed to the petition.

13. No shares of stock, debentures or other securities of the Debtor or any subsidiary of the Debtor are publicly held.

14. I will be responsible for the Debtor's management during this case.

Dated: New York, New York
      September 3, 2010

<u>s/Allen Stein, Managing Member</u>