UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

In re

317 West 35th Street Realty LLC,
319 West 35th Street Realty LLC,
529 West 48th Street Realty LLC,
534 West 50th Street Realty LLC,

      Debtors.

----------------------------------------x

Chapter 11 Case No.
10-14324 (SMB)

Jointly Administered

**FINAL ORDER (i) AUTHORIZING USE OF CASH COLLATERAL BY
317 WEST 35TH STREET REALTY LLC AND (ii) GRANTING ADEQUATE PROTECTION**

Upon the motion, dated November 4, 2010 (the "Motion") of 317 West 35th Street Realty LLC, as a debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case, pursuant to sections 361 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") seeking entry of a final order (this "Final Order") providing for the following relief:

(i)     authorizing the Debtor's use of Cash Collateral (as defined below) pursuant to section 363(c) of the Bankruptcy Code;

(ii)    providing adequate protection to the Bank of Smithtown, now known as People's United Bank (the "Prepetition Lender") pursuant to sections 361 and 363 of the Bankruptcy Code for any diminution in value of the Prepetition Collateral (as defined below), including for the use of Cash Collateral, the use, sale or lease of the Prepetition Collateral other than the Cash Collateral or the imposition of the automatic stay pursuant to pursuant to section 362(a) of the Bankruptcy Code; and

(iii)   vacating and modifying the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of this

1

Final Order;

all as more fully described in the Motion; and the Court having considered the Motion, the exhibits attached thereto, and the evidence submitted or adduced and the arguments of counsel made at the preliminary hearing held on December 7, 2010 (the "Preliminary Hearing") and the final hearing held on January 13, 2011 (the "Final Hearing"); and the appearances of all interested parties having been noted in the record of the Preliminary Hearing and the Final Hearing; and the Court having entered an interim order on December 14, 2010 authorizing and approving on an interim basis the relief requested in the Motion; and due and sufficient notice of the Motion and the Final Hearing under the circumstances having been provided; and the relief requested being within the guidelines for requests for the use of cash collateral set forth in Local Rule 4001-2; and the Final Hearing to consider the final relief requested in the Motion having been held and concluded; and all objections, if any, to the final relief requested in the Motion having been withdrawn, resolved or overruled by the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Final Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and sufficient cause appearing therefor;

**IT IS HEREBY STIPULATED AND AGREED BETWEEN THE DEBTOR AND THE PREPETITION LENDER THAT:**

A.  Petition Date.  On August 12, 2010 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

B.  Debtor in Possession.  The Debtor is continuing in the management and operation of its business and property as debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner and no statutory committee of unsecured creditors (a "Committee") has yet been appointed in this chapter 11 case (the "Chapter 11 Case").

2

Interwoven\1654537.1

C.      Jurisdiction and Venue.  This Court has jurisdiction over the Chapter 11 Case and the Motion, pursuant to 28 U.S.C. §§ 157(b) and 1334.  Consideration of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b).  Venue for the Chapter 11 Case is proper in this district pursuant to 28 U.S.C. § 1408.

D.      Single Asset Real Estate.  The Mortgaged Property (as defined below) is a "single asset real estate" as such term is defined in section 101(51B) of the Bankruptcy Code and the Debtor is subject to section 362(d)(3) of the Bankruptcy Code.

E.      Mortgage Loan Documents.  Prior to the Petition Date, the Debtor executed and delivered to the Prepetition Lender (i) a Mortgage Note, dated June 5, 2008, in the original principal amount of $3,830,000 (the "Mortgage Note") evidencing a loan (the "Mortgage Loan") made by the Prepetition Lender to the Debtor in the original principal amount of $3,830,000 and (ii) that certain Mortgage and Security Agreement, dated June 5, 2008 (as amended, restated, replaced, supplemented or otherwise modified from time to time, and together with such supporting and ancillary documents thereto, the "Mortgage Loan Agreement").  The Mortgage Loan Agreement, together with the Mortgage Note, the Mortgage (as defined below), and all other documents executed and/or delivered in connection with the Mortgage Loan, as the same may be amended, restated, replaced, supplemented or otherwise modified from time to time, are referred to herein as the "Mortgage Loan Documents".  All loans, financial accommodations and other amounts owing by the Debtor to the Prepetition Lender under, or in connection with, any of the Mortgage Loan Documents are referred to herein as the "Prepetition Obligations".

F.      Prepetition Liens and Prepetition Collateral.  Pursuant to the Mortgage Loan Agreement, the Debtor granted to the Prepetition Lender first priority liens, mortgages and security interests (collectively, the "Mortgage") on the premises located at 317 W. 35th Street, New York, New York (the "Mortgaged Property") and in certain of its other assets and property, including but not limited to, all rents and other cash generated by the Debtor's business operations with respect to the Mortgaged

3

Property, as more fully set forth in the Mortgage Loan Documents (together with the Mortgaged Property, the "Prepetition Collateral").  The liens, mortgages and security interests granted by the Debtor to the Prepetition Lender in and on the Prepetition Collateral are collectively referred to in this Final Order as the "Prepetition Liens".

G. Guaranty of All Liability and Collateral Mortgage.  In connection with the Mortgage Loan, the Debtor's affiliates, 319 W. 35th Street Realty, LLC ("319 W. 35th Street"), 529 W. 48th Street Realty, LLC ("529 W. 48th Street") and 534 W. 50th Street Realty, LLC ("534 W. 50th Street") each executed and delivered to the Prepetition Lender (i) a Guaranty of All Liability dated June 5, 2008, and (ii) a Collateral Mortgage and Security Agreement dated June 5, 2008.

H. Affiliates' Chapter 11 Cases.  On August 12, 2010, each of 319 W. 35th Street, 529 W. 48th Street, and 534 W. 50th Street filed a voluntary petition under Chapter 11 of the Bankruptcy Code with this Court.

I. Prepetition Obligations.  The Prepetition Lender asserts that as of the Petition Date, the aggregate principal amount of the Prepetition Obligations is not less than $3,757,720.82, plus accrued interest, fees, costs, and expenses incurred in connection therewith as provided under the Mortgage Loan Agreement and the other Mortgage Loan Documents.

J. Cash Collateral.  All of the Debtor's cash generated from the Mortgaged Property wherever located, whether as original collateral or profits, rents or proceeds of the Mortgaged Property or other Prepetition Collateral constitutes "cash collateral" of the Prepetition Lender within the meaning of section 363(a) of the Bankruptcy Code (the "Cash Collateral").  The Prepetition Lender does not consent to the use by the Debtor of the Prepetition Collateral, including the Cash Collateral, except on the terms of this Final Order (or other order that may be entered by this Court with the Prepetition Lender's consent).

K. Cash Collateral Account.  The Debtor hereby acknowledges and confirms that (i) all cash on hand as of the Petition Date and all funds collected from and after the Petition Date have been deposited in the Cash Collateral Account (as defined below) and (ii) no withdrawal or disbursement from

4

the Cash Collateral Account has been made by the Debtor from and after the Petition Date to the date of entry of this Final Order.

L.  <u>Default by the Debtor</u>.  The Prepetition Lender asserts that the Debtor is in default of its debts and obligations under the Mortgage Loan Documents.

M.  <u>Adequate Protection</u>.  The Prepetition Lender is entitled, pursuant to sections 361 and 363(e) of the Bankruptcy Code, to adequate protection of its interest in the Prepetition Collateral to the extent required under the Bankruptcy Code for the diminution in value, including for the use of the Cash Collateral, the use, sale, lease, depreciation, or other diminution in value of the Prepetition Collateral other than the Cash Collateral, and the imposition of the automatic stay.

N.  <u>Sections 506(c) and 552(b)</u>.  The Prepetition Lender is entitled to: (a) a waiver of any "equities of the case" claims under section 552(b) of the Bankruptcy Code and (b) upon entry of a Final Order (as defined herein) a waiver of the provisions of section 506(c) of the Bankruptcy Code**.**

Based upon the foregoing stipulations, and upon the record made before this Court at the Preliminary Hearing, and good and sufficient cause appearing therefor;

**THE COURT HEREBY FINDS** that:

O.  Good cause has been shown for the entry of this Final Order.  The Debtor requires the use of Cash Collateral to finance its operations, absent which immediate and irreparable harm will result to the Debtor, its estate and creditors, and the prospects for a successful conclusion of the Chapter 11 Case. In the absence of the use of Cash Collateral, the continued operation of the Debtor's business would not be possible and serious and irreparable harm to the Debtor, its estates and its creditors would occur.  The Debtor does not have sufficient available sources of working capital and financing to operate its business in the ordinary course of business or to maintain its property without the use of Cash Collateral.  The relief requested in the Motion is therefore necessary, essential, and appropriate for the continued operation of the Debtor's business and the management and preservation of its property.

P. The Prepetition Lender and the Debtor have negotiated at arms' length and in good faith regarding the Debtor's use of Cash Collateral to fund the continued operation of the Debtor's business. The Prepetition Lender has agreed to permit the Debtor to use its Cash Collateral, subject to the terms and conditions set forth herein, including the protection afforded an entity acting in "good faith" under section 363(m) of the Bankruptcy Code.

Q. Based on the record presented to the Court at the Final Hearing, the terms of the Debtor's use of Cash Collateral are fair and reasonable and reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties.

R. The Debtor has requested immediate entry of this Final Order pursuant to Bankruptcy Rule 4001(b)(2). The use of the Cash Collateral as set forth in the Budget (as defined below) is necessary to avoid immediate and irreparable harm to the Debtor. This Court concludes that entry of this Final Order is in the best interests of the Debtor's estate and its creditors.

S. The Debtor represents that notice of the Final Hearing and the relief requested in the Motion has been provided by the Debtor, whether by facsimile, email, overnight courier or hand delivery, to certain parties in interest, including: (i) the office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"); (ii) the parties included on the Debtor's list of the twenty (20) largest unsecured creditors; and (iii) counsel to the Prepetition Lender. Based on such representation, such notice of the Final Hearing was provided in accordance with sections 102(1) and 363 of the Bankruptcy Code, Bankruptcy Rule 2002 and Local Rule 4001(b).

Based upon the foregoing findings and conclusions, and upon the record made before this Court at the Final Hearing, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1. The Motion is granted on a final basis to the extent set forth herein.

2. All objections to the entry of this Final Order to the extent not withdrawn or resolved are hereby overruled.

3. Subject to the terms and conditions of this Final Order, pursuant to section 363(c)(2) of the Bankruptcy Code, the Debtor is authorized to use Cash Collateral in accordance with, and subject to, the budget presented by the Debtor to the Prepetition Lender, attached hereto as "Exhibit A" (the "Budget"). The Debtor's authorization to use Cash Collateral shall commence as of the entry of this Final Order by the Court and terminate on the Termination Date (as defined below). Occurrence of the Termination Date shall terminate the right of the Debtor to use Cash Collateral under this Final Order, but shall not in any manner affect the rights, privileges or other protections afforded the Prepetition Lender, or in any manner affect the validity, priority, enforceability or perfected status of any lien or security interest granted to the Prepetition Lender pursuant hereto. The expenditures authorized in the Budget shall be adhered to on a line-by-line basis, with no carry-over surplus to any other line item(s) or to any succeeding month, except to the extent agreed to in writing by the Prepetition Lender in the exercise of its sole discretion. The Debtor shall be permitted to use Cash Collateral in accordance with this Final Order by withdrawing funds from amounts deposited into the Cash Collateral Account (as defined below) on or after the Petition Date in order to make disbursements provided for in the Budget to the extent of the disbursements for such month and any prior month to the extent not made during such prior month as set forth in the Budget. The Cash Collateral Account, along with all other bank accounts, deposit accounts and security accounts established on or in existence on or after the Petition date, shall be subject to any and all security interests and liens granted hereunder.

4. The Debtor represents that (a) the Budget is achievable and will allow the Debtor to operate the Chapter 11 Case without the accrual of unpaid administrative expenses; and (b) the Budget includes all reasonable, necessary, and foreseeable expenses to be incurred in connection with the operation of the Debtor's business for the period set forth in the Budget.

5. (a) As adequate protection for, and to the extent of, any diminution in the value of the Prepetition Lender's interest in the Prepetition Collateral resulting from (x) the use of the Cash Collateral pursuant to section 363(c) of the Bankruptcy Code, (y) the use, sale, lease, depreciation, or other diminution in value of the Prepetition Collateral (other than the Cash Collateral) pursuant to section

7

363(c) of the Bankruptcy Code and (z) the imposition of the automatic stay pursuant to section 362(a) of the Bankruptcy Code (the amount of any such diminution being referred to hereinafter as the "Adequate Protection Obligations"):

(i) the Prepetition Lender is hereby granted (effective as of the Petition Date and without the necessity of the execution by the Debtor of mortgages, security agreements, control agreements, pledge agreements, financing statements or otherwise), valid and perfected security interests in, and liens (the "Adequate Protection Liens" ) on all of the right, title and interest of the Debtor in, to and under all present and after-acquired property of the Debtor of any nature whatsoever (together, with the proceeds and products of any and all of the foregoing, the "Postpetition Collateral") including, without limitation, all cash contained in any account of the Debtor, and the proceeds of all causes of action; provided that Postpetition Collateral shall expressly exclude causes of action arising under sections 544, 545, 547, 548, 550 and 553 of the Bankruptcy Code and proceeds generated therefrom (collectively, the "Avoidance Actions"). Subject to the Carve Out (as defined below), the Adequate Protection Liens shall consist of (x) a first priority perfected lien upon all of the Postpetition Collateral that is not otherwise encumbered by a validly perfected, enforceable, non-avoidable security interest or lien on the Petition Date or a valid lien in existence on the Petition Date that is perfected subsequent to such date as permitted by section 546(b) of the Bankruptcy Code, (y) a first priority, senior, priming and perfected lien upon (A) that portion of the Postpetition Collateral that is comprised of the Prepetition Collateral and (B) Postpetition Collateral subject to a lien that is junior to the liens securing the Prepetition Obligations and (z) a second priority, junior perfected lien upon all Postpetition Collateral (other than the portion described in the preceding clause (y)), which is subject to a validly perfected lien as of the Petition Date or a valid lien in existence on the Petition Date that is perfected subsequent to such date as permitted by section 546(b) of the Bankruptcy Code; and

(ii) subject to the Carve Out, an allowed claim against the Debtor that constitutes expenses of administration under sections 503(b)(l), 507(a) and 507(b) of the Bankruptcy Code (the "507(b) Claims") with priority in payment over any and all administrative expenses of the kinds specified

8

Interwoven\1654537.1

or ordered pursuant to any provision of the Bankruptcy Code including, without limitation, sections 105, 326, 328, 330, 331 and 726 of the Bankruptcy Code, and shall at all times be senior to the rights of the Debtor, and any successor trustee or any creditor, in this Chapter 11 Case or, to the extent permitted by applicable law, any subsequent proceedings under the Bankruptcy Code, provided that the 507(b) Claims shall not be paid with the proceeds of Avoidance Actions. Subject to the Carve Out, no cost or expense of administration under sections 105, 503(b) or 507(b) or otherwise, including those resulting from the conversion of this Chapter 11 Case pursuant to section 1112 of the Bankruptcy Code, shall be senior to, or pari passu with, the 507(b) Claims of the Prepetition Lender arising out of the Adequate Protection Obligations.

(b) As additional adequate protection, the Debtor is authorized and directed to pay to the Prepetition Lender on the fifth (5th) business day of each calendar month, payments in an amount equal to the funds on deposit in the Cash Collateral Account in excess of the authorized budgeted expenditures for the prior calendar month (such excess funds, the "Excess Cash Collateral"). The application by the Prepetition Lender of the Excess Cash Collateral shall be subject to further order of this Court, and the rights of the Debtor and the Prepetition Lender as to the application of the Excess Cash Collateral, and the rights of the Debtor and the Prepetition Lender with respect to any claim for interest at the default rate or other costs, fees and expenses, including without limitation, attorneys' fees and expenses of the Prepetition Lender, are reserved. Acceptance by the Prepetition Lender of Excess Cash Collateral shall not (i) be deemed compliance by the Debtor with section 362(d)(3)(B) of the Bankruptcy Code and (ii) constitute a waiver of any and all rights of the Prepetition Lender under section 362(d)(3) of the Bankruptcy Code or otherwise to seek relief from the automatic stay.

(c) Under the circumstances and based upon the Prepetition Lender's consent or non-objection, the adequate protection provided herein is reasonable and sufficient to protect the interests of the Prepetition Lender. Notwithstanding any other provision hereof, the grant of adequate protection to the Prepetition Lender pursuant hereto is without prejudice to the right of the Prepetition Lender to seek modification of the grant of adequate protection provided hereby so as to provide different or additional

adequate protection and without prejudice to the right of the Debtor or any other party in interest to contest any such modification.

(d) To the extent (i) any of the liens or security interests of the Prepetition Lender are determined by a final, non-appealable order entered by a court of competent jurisdiction, to be invalid or unperfected, any cash payments of interest, fees, costs or expenses to the Prepetition Lender, pursuant to this Final Order may be determined by a final, non-appealable order entered by a court of competent jurisdiction to be subject to disgorgement; or (ii) that any cash payments of interest, fees, costs and expenses to the Prepetition Lender pursuant to this Final Order are not allowed under section 506(b) of the Bankruptcy Code, and at the time of such disallowance there is outstanding principal owed under the Mortgage Loan Agreement, such payments shall be recharacterized and applied as payments of principal under the Mortgage Loan Agreement.

6. Except as expressly set forth in this Final Order, the Adequate Protection Liens shall not be (a) subject to any lien that is avoided and preserved for the benefit of the Debtor's estate under section 551 of the Bankruptcy Code or (b) subordinated to or made pari passu with any other lien under sections 363 and 364 of the Bankruptcy Code. Subject to the Carve Out, the Adequate Protection Liens shall be prior and senior to all liens and encumbrances of all other secured creditors in and to such Postpetition Collateral granted, or arising, after the Petition Date provided, that if under applicable non-bankruptcy law, liens and security interests, arising in favor of any governmental unit (as that term is defined in section 101(27) of the Bankruptcy Code) would prime the Adequate Protection Liens granted under this Final Order, then the Adequate Protection Liens shall be junior to such security interests and liens of such governmental unit. The Adequate Protection Liens granted pursuant to this Final Order shall constitute valid, enforceable and duly perfected security interests and liens, and the Prepetition Lender shall not be required to file or serve financing statements, notices of lien or similar instruments which otherwise may be required under federal or state law in any jurisdiction, or take any action, including taking possession, to validate and perfect such security interests and liens; and the failure by the Debtor to execute any documentation relating to the Adequate Protection Liens shall in no way affect the validity,

enforceability, perfection or priority of such Adequate Protection Liens.  If, however, the Prepetition Lender, in its sole discretion, shall determine to file any such financing statements, notices of lien or similar instruments, or to otherwise confirm perfection of such Adequate Protection Liens, the Debtor is directed to cooperate with and assist in such process, the stay imposed by section 362(a) of the Bankruptcy Code is hereby lifted to allow the filing and recording of a certified copy of this Final Order or any such financing statements, notices of lien or similar instruments, and all such documents shall be deemed to have been filed or recorded at the time of and on the date of this Final Order.

7. The automatic stay under section 362 of the Bankruptcy Code is hereby vacated and modified to the extent necessary to permit (a) the Debtor and the Prepetition Lender to take all actions necessary to implement this Final Order, and (b) all actions and transfers contemplated herein.

8. The Debtor shall:

 (a) pursuant to section 363(c)(4) of the Bankruptcy Code, account for all Cash Collateral received from the Petition Date to the date of this Final Order;

 (b) remit all Cash Collateral, including, without limitation, all revenue, income, rents, royalties and similar funds from the Mortgaged Property, as and when received on a daily basis (or as often as practicable) for deposit to Account No. 902950674 (the "Cash Collateral Account") maintained at JPMorgan Chase Bank, 510 Fifth Avenue, New York, New York 10017, without any setoff or counterclaim to be used in accordance with this Final Order and the Budget, and promptly deliver to the Prepetition Lender a copy of each bank statement received by the Debtor each month showing funds on deposit in the Cash Collateral Account;

 (c) shall deliver to the Prepetition Lender on or before 12:00 p.m. (New York Time) on or before the close of business on the first Tuesday of each calendar month a report (the "Budget Report") showing (i) a comparison for the prior month of actual results of all items contained in the Budget to the amounts originally contained in the Budget and (ii) a cumulative comparison for the period from the Petition Date through the end of the prior month of the actual results of all items contained in the

Budget to the amounts originally contained in the Budget, in each case along with such supporting information as the Prepetition Lender may request;

(d) provide the Prepetition Lender with reasonable access, upon notice during normal business hours, to the Debtor's business records and premises and to the Prepetition Collateral and the Postpetition Collateral to enable the Prepetition Lender to (x) review, appraise, and evaluate the physical condition of the Prepetition Collateral or Postpetition Collateral, (y) inspect and review the financial records and all other records of the Debtor concerning the operation of the Debtor's business, and (z) evaluate the Debtor's overall financial condition and all other records relating to the operations of the Debtor. The Debtor shall fully cooperate with the Prepetition Lender regarding such reviews, evaluations, and inspections, and shall make members of its senior management and professionals reasonably available to the Prepetition Lender and its professionals and consultants to conduct such reviews, evaluations and inspections, in each case subject to applicable confidentiality and privilege limitations;

(e) promptly deliver to the Prepetition Lender and its counsel all pleadings, motions, applications, operational information, financial information and other documents filed with the Court or the U.S. Trustee;

(f) promptly deliver to the Prepetition Lender and its counsel a copy of each monthly report filed by the Debtor in the Chapter 11 Case as required by the Court, the U.S. Trustee or applicable law;

(g) comply with the Mortgage Loan Documents, other than as modified herein or as prohibited by the Bankruptcy Code;

(h) deliver to the Prepetition Lender on the fifth (5th) business day of each month, a rent roll for the Mortgaged Property (in form and substance satisfactory to the Prepetition Lender) as of the last calendar day of the preceding month; and

(i) promptly deliver to the Prepetition Lender such other information, documents, notices and reports as may be reasonably requested by the Prepetition Lender.

9. The Debtor's right to use the Cash Collateral pursuant to this Final Order shall terminate (the date of any such termination, the "Termination Date") on the earliest to occur of (a) March 31, 2011, or (b) five (5) business days following written notice to the Debtor after the occurrence and continuance of any of the following events ("Termination Event") beyond any applicable grace period:

(a) failure of the Debtor to remit all Cash Collateral for deposit into the Cash Collateral Account in accordance with paragraph 8(b) of this Final Order;

(b) failure of the Debtor to deliver the Budget Report and such failure shall continue unremedied for more than three (3) business days after notice thereof;

(c) failure of the Debtor to comply with any other term, covenant or agreement specified in this Final Order (other than those described in clauses (a) and (b) above) and such failure shall continue unremedied for more than five (5) business days after notice thereof;

(d) the Chapter 11 Case shall be dismissed or converted to a Chapter 7 Case; or a Chapter 11 Trustee with plenary powers, a responsible officer, or an examiner with enlarged powers relating to the operation of the businesses of the Debtor (powers beyond those set forth in section 1106(a)(3) and (4) of the Bankruptcy Code) shall be appointed in the Chapter 11 Case;

(e) an order shall be entered reversing, amending, supplementing, staying for a period in excess of three (3) days, vacating or otherwise modifying this Final Order without the consent of the Prepetition Lender;

(f) a pleading shall be filed by the Debtor seeking, or otherwise consenting to, any of the matters set forth in paragraphs (d) or (e) hereof;

(g) entry of an order in favor of a creditor granting relief from the automatic stay to foreclose on a material asset having a value in excess of $50,000 of the Debtor, without the prior written consent of the Prepetition Lender;

(h)     the Debtor files a motion or adversary proceeding, or initiates any other court proceeding, seeking to (i) object to, set aside, avoid, assert defenses to or contest the Prepetition Obligations, the validity, perfection, priority or enforceability of the Prepetition Obligations or any other claims or liens of the Prepetition Lender pursuant to the Mortgage Loan Agreement against the Debtor or its assets, including but not limited to claims and liens arising under this Final Order, or (ii) obtains a monetary judgment or other relief against the Prepetition Lender, or the Debtor supports any other party in taking an action described in this clause (h), other than, in each case, to enforce the automatic stay or this Final Order;

(i)     without the prior written consent of the Prepetition Lender, the Debtor at any time during this Chapter 11 Case grants (or seek authority from the Court to grant) liens in the Prepetition Collateral, the Postpetition Collateral or any portion thereof to any other parties pursuant to section 364 of the Bankruptcy Code, which liens are senior or on a parity with the liens of the Prepetition Lender;

(j)     the occurrence of the "Termination Date" under the respective orders entered in the chapter 11 cases of 319 W. 35th Street, 529 W. 48th Street or 534 W. 50th Street authorizing the use of cash collateral in which the Prepetition Lender asserts an interest;

(k)     any lien or security interest purported to be created under the Mortgage Loan Documents shall cease to be, or shall be asserted by the Debtor not to be, a valid and perfected lien on or security interest in any Prepetition Collateral, with the priority required by the Mortgage Loan Documents or herein;

(l)     the failure to comply with the Mortgage Loan Documents, other than as otherwise modified herein or as prohibited by the Bankruptcy Code;

(m)     the failure to maintain cash receipts in an amount of at least 90% of the amount set forth in the Budget measured monthly as of the close of business on the last business day of each calendar month; or

(n) cash expenditures exceed those permitted in accordance with the Budget; provided that the Debtor's expenditures may vary from the budgeted amounts by up to ten (10%) percent on a line item basis and still be considered an authorized expenditure under the Budget so long as the aggregate expenditures in any month shall not vary by more than five (5%) percent for all such expenditures in the Budget for such month measured monthly as of the close of business on the last calendar day of the month (except that there shall be no increase in the line-item expense in the respective Budget item denoted as "Management").

10. Upon the Termination Date, (a) the Adequate Protection Obligations shall become immediately due and payable, and (b) the Prepetition Lender may setoff amounts in any account of the Debtor maintained with the Prepetition Lender. Notwithstanding the occurrence of the Termination Date or anything herein, all of the rights, remedies, benefits and protections provided to the Prepetition Lender under this Final Order shall survive the Termination Date.

11. No expenses of administration of the Chapter 11 Case or any future proceeding that may result therefrom, including liquidation in bankruptcy or other proceedings under the Bankruptcy Code, shall be charged against or recovered from the Prepetition Collateral pursuant to section 506(c) of the Bankruptcy Code or any similar principle of law or in equity, except to the extent of the Carve Out, without the prior written consent of the Prepetition Lender, and no such consent shall be implied from any other action or inaction by the Prepetition Lender.

12. As used in this Final Order, "Carve Out" means the sum of (a) all fees required to be paid to the Clerk of the Bankruptcy Court and to the Office of the U.S. Trustee under section 1930(a) of title 28 of the United States Code; and (b) following a Termination Event and delivery of a written notice from the Prepetition Lender to the Debtor, the U.S. Trustee, counsel for the Debtor and counsel for the Committee, if any (a "Carve Out Trigger Notice"), the payment of allowed professional fees and disbursements incurred by professionals retained by the Debtor and the Committee appointed in this Chapter 11 Case (the "Professional Fees and Disbursements") not to exceed the sum of (i) unpaid

Professional Fees and Disbursements incurred prior to delivery of the Carve Out Trigger Notice (the "Carve Out Trigger Date") in accordance with the Budget and (ii) $25,000. So long as no Carve Out Trigger Date shall have occurred and be continuing, the Debtor shall be permitted to pay without reduction of the Carve Out the Professional Fees and Disbursements, provided that the payment of such Professional Fees and Disbursements shall comply with the Budget; and provided further, that the Carve Out shall not be available to pay any such Professional Fees and Disbursements incurred in connection with the initiation or prosecution of any Avoidance Actions or the initiation or prosecution of any claims, causes of action, adversary proceedings or other litigation, in all cases to the extent against the Prepetition Lender. Nothing herein shall be construed as a waiver of the right of the Prepetition Lender to object to the allowance of any Professional Fees and Disbursements.

13. Notwithstanding the foregoing, in no event shall the Cash Collateral or the Carve Out be used for the payment or reimbursement of any fees, expenses, costs, or disbursements of any of the professionals incurred in connection with the assertion or joinder in any claim, counter-claim, action, proceeding, application, motion, objection, defense, or contested matter, the purpose of which is to seek any order, judgment, determination, or similar relief (a) challenging the Prepetition Obligations, invalidating, setting aside, avoiding, or subordinating in whole or in part the Prepetition Lender's liens and security interests granted pursuant to the Mortgage Loan Documents or this Final Order, or asserting any other claims or causes of action against the Prepetition Lender (but the Cash Collateral or the Carve Out may be used to pay professional fees and expenses of the Committee (and only the Committee), if appointed, to investigate the claims and liens of the Prepetition Lender, subject to a limitation of $3,500), or (b) preventing, hindering or delaying, whether directly or indirectly, the Prepetition Lender's enforcement or realization upon any Prepetition Collateral or Postpetition Collateral in accordance with the terms of this Final Order.

14. The Prepetition Lender shall be entitled to all of the rights and benefits of section 552(b) of the Bankruptcy Code, and the "equities of the case" exception under section 552(b) of the Bankruptcy Code shall not apply to the Prepetition Lender with respect to proceeds, product, offspring or profits of

any of the Prepetition Collateral.

15. The provisions of this Final Order and any actions taken pursuant hereto shall survive entry of any order which may be entered (a) confirming any plan of reorganization in the Chapter 11 Case; (b) converting the Chapter 11 Case to a Chapter 7 case; or (c) dismissing the Chapter 11 Case. If an order dismissing the Chapter 11 Case under section 1112 of the Bankruptcy Code or otherwise is at any time entered, such order shall provide (in accordance with sections 105 and 349 of the Bankruptcy Code) that (a) the Adequate Protection Liens granted pursuant to this Final Order to the Prepetition Lender shall continue in full force and effect, shall remain binding on all parties in interest notwithstanding such dismissal until the obligations secured thereby shall have been paid and satisfied in full and (b) this Court shall retain jurisdiction, notwithstanding such dismissal, for the limited purposes of enforcing such Adequate Protection Liens.

16. If any or all of the provisions of this Final Order are hereafter modified (which shall not occur without the prior written agreement of the Prepetition Lender), vacated, or stayed, such modification, vacation or stay shall not affect (a) the validity of any obligation, indebtedness or liability incurred by the Debtor to the Prepetition Lender before the effective date of such modification, vacation, or stay or (b) the validity or enforceability of the Adequate Protection Liens, or any priority or other protection authorized, created, or confirmed by this Final Order. Notwithstanding any such modification, vacation, or stay, any indebtedness, obligations, or liabilities incurred by the Debtor to the Prepetition Lender before the effective date of such modification, vacation, or stay shall be governed in all respects by the original provisions of this Final Order, and the Prepetition Lender shall be entitled to all the rights, remedies, privileges, and benefits granted herein with respect to all such indebtedness, obligations, or liabilities.

17. No approval, agreement or consent requested of the Prepetition Lender by the Debtor pursuant to the terms of this Final Order or otherwise shall be inferred from any action, inaction, or acquiescence of the Prepetition Lender other than from a writing signed by the Prepetition Lender. Nothing herein shall in any way affect the rights of the Prepetition Lender as to any non-Debtor entity.

18. Entry of this Final Order shall be without prejudice to any and all rights, remedies, claims and causes of action which the Prepetition Lender may have against the Debtor or third parties, and without prejudice to the right of the Prepetition Lender to seek relief from the automatic stay in effect pursuant to Bankruptcy Code section 362, or any other relief in the Chapter 11 Case, and the right of the Debtor or third parties to oppose any such relief. The terms and provisions of this Final Order shall, *nunc pro tunc* to the Petition Date, be binding upon and inure to the benefit of the Prepetition Lender, the Debtor, and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in the Chapter 11 Case as a legal representative of the Debtor or the Debtor's estate.

19. Pursuant to sections 105, 361 and 363 of the Bankruptcy Code, the Prepetition Lender is hereby found to be an entity that has acted in "good faith" in connection with the negotiation and entry of this Final Order, and is entitled to the protection provided to such entities under section 363(m) of the Bankruptcy Code.

20. The findings of fact and conclusions of law contained herein constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable to these proceedings by Bankruptcy Rule 9014. To the extent that any finding of fact shall be determined to be a conclusion of law it shall be so deemed and vice versa.

21. The failure of the Prepetition Lender to seek relief or otherwise exercise its rights and remedies under this Final Order, the Mortgage Loan Documents, or applicable law, as the case may be, shall not constitute a waiver of any of the rights hereunder, thereunder, or otherwise of the Prepetition Lender.

22. The Prepetition Lender shall not be liable to any third parties (including any and all creditors of the estate of the Debtor who may have administrative claims included in the Budget) and no such third parties are intended to or shall be deemed to be beneficiaries of the provisions of this Final Order.

23. The Prepetition Lender shall not be subject to the equitable doctrine of "marshalling" or any other similar doctrine with respect to any of the Prepetition Collateral, and proceeds shall be received and applied in accordance with this Final Order notwithstanding any other agreement or provision to the contrary.

24. The Prepetition Lender, by consenting to the entry of this Final Order and/or the performance of any acts contemplated herein, shall not be deemed to be in control of the Debtor or its assets, or to be acting in the capacity of a "responsible person", "owner", "operator" or "mortgagee in possession" with respect to the operation or management of the Debtor and its assets.

Dated: New York, New York
January 14, 2011

    /s/   STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

**Budget**