UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

| | |
|---|---|
| In re<br><br>317 West 35th Street Realty, LLC,<br>319 West 35th Street Realty, LLC,<br>529 West 48th Street Realty, LLC,<br>534 West 50th Street Realty, LLC<br><br>        Debtors. | Chapter 11 Case Nos.<br>10-14324 through<br>10-14327<br><br>(Jointly Administered) |

------------------------------------------------------------ x

**ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM
AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the application of the above-captioned Debtors and Debtors in Possession (collectively, the "Debtors"), for an order, pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3003(c)(3), fixing a deadline (the "Bar Date") and establishing procedures for filing proofs of claim and approving the form and manner of service thereof, and it appearing that the relief requested is in the best interests of the Debtors, their estates, and creditors and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

**ORDERED**, that except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in § 101(5) of the Bankruptcy Code, against the Debtors which arose on or prior to the filing of the Chapter

11 petitions on August 12, 2010 (the "Filing Date"), shall file a proof of such claim in writing so that it is received on or before September 7, 2011 at 5:00 p.m. (Eastern Time); and it is further

**ORDERED**, that the following procedures for the filing of proofs of claim shall apply:

(a) Proofs of claim must conform substantially to Official Bankruptcy Form No. 10;

(b) Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts to the CM/ECF system must file their proofs of claim by mailing or delivering the original proof of claim by hand to the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York, 10004;

(c) Proofs of claim will be deemed filed only when <u>received</u> by the Clerk of the Bankruptcy Court on or before the Bar Date;

(d) Proofs of claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency;

(e) Proofs of claim must specify by name and case number the Debtor against which the claim is filed; if the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor; and it is

further

**ORDERED**, that the following persons or entities need not file a proof of claim on or prior to the Bar Date:

(a) Any person or entity that has already filed a proof of claim against the Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 10;

(b) Any person or entity whose claim is listed on the Schedules filed by the Debtors, provided that (i) the claim is <u>not</u> scheduled as "disputed," "contingent" or "unliquidated"; <u>and</u> (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; <u>and</u> (iii) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c) Any holder of a claim that heretofore has been allowed by order of this Court;

(d) Any person or entity whose claim has been paid in full by any of the Debtors;

(e) Any holder of a claim for which specific deadlines have previously been fixed by this Court; and

(f) Any holder of a claim allowable under § 503(b) and § 507(a)(2) of the Bankruptcy Code as an expense of administration; and it is further

**ORDERED**, that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of

claim based on such rejection on or before the Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order,

must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED**, that holders of equity security interests in the Debtors need not file proofs of interest with respect to the ownership of such equity interests, provided, however, that if any such holder asserts a claim against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of such claim must be filed on or prior to the Bar Date pursuant to the procedures set forth in this Order; and it is further

**ORDERED,** that if the Debtors amend or supplement the Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded 30 days from the date of such notice to file proofs of claim in respect of their claims or be barred from doing so, and shall be given notice of such deadline; and it is further

**ORDERED,** that nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

**ORDERED**, that a copy of the notice substantially in the form annexed hereto

is approved and shall be deemed adequate and sufficient if served by first-class mail at least 35 days prior to the Bar Date on:

- (a) the United States trustee;
- (b) counsel to each official committee;
- (c) all persons or entities that have requested notice of the proceedings in the chapter 11 cases;
- (d) all persons or entities that have filed claims;
- (e) all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;
- (f) all parties to executory contracts and unexpired leases of the Debtors;
- (g) all parties to litigation with the Debtors;
- (h) the Internal Revenue Service for the district in which the case is pending

and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court); and

- (i) such additional persons and entities as deemed appropriate by the Debtors;

and it is further

**ORDERED**, that any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; and it is further]

**ORDERED**, that the Debtors are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

Dated: New York, New York
      July 27, 2011

                                               **/s/ STUART M. BERNSTEIN**
                                               UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

| | |
|---|---|
| In re | Chapter 11 |
| 317 West 35th Street Realty, LLC, | Case No. 10-14324 |
| 319 West 35th Street Realty, LLC, | Case No. 10-14325 |
| 529 West 48th Street Realty, LLC, | Case No. 10-14326 |
| 534 West 50th Street Realty, LLC, | Case No. 10-14327 |
| Debtors. | (Jointly Administered) |

------------------------------------------------------------ x

**NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF CLAIM ON OR BEFORE SEPTEMBER 7, 2011 AT 5:00 P.M. (EASTERN TIME)**

TO    ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE DEBTOR ENTITIES LISTED

The United States Bankruptcy Court for the Southern District of New York has entered an Order establishing September 7, 2011 at 5:00 p.m. (Eastern Time) (the "Bar Date") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file a proof of claim against any of the Debtors listed above (the "Debtors").

The Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose prior to August 12, 2010, the date on which the Debtors commenced cases under chapter 11 of the United States Bankruptcy Code, except for those holders of the claims listed in Section 4 below that are specifically excluded from the Bar Date filing requirement.

1. **WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim to vote on a Chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose prior to August 12 (the "Filing Date"), and it is not one of the types of claim described in Section 4 below. Claims based on acts or omissions of the Debtors that occurred before the Filing Date must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2. **WHAT TO FILE**

Your filed proof of claim must conform substantially to Official Form No. 10; a case-specific proof of claim form accompanies this notice.

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency. You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their

proof of claim the specific Debtor against which their claim is asserted and the case number of that Debtor's bankruptcy case. A list of the names of the Debtors and their case numbers is set forth in the case caption above.

3. **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be received **on or before September 7, 2011 p.m. (Eastern Time)**.

Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system.

Those without accounts to the CM/ECF system must file their proofs of claim by mailing or delivering the original proof of claim by hand or overnight courier to the Court at the address provided below:

> **United States Bankruptcy Court**
> **Southern District of New York One**
> **Bowling Green, Room 534 New York,**
> **New York 10004-1408**

Proofs of claim will be deemed filed only when <u>received</u> by the Bankruptcy Court on or before the Bar Date. Proofs of claim may not be delivered by facsimile, telecopy or electronic mail transmission.

4. **WHO NEED NOT FILE A PROOF OF CLAIM**

You do **not** need to file a proof of claim on or prior to the Bar Date if you are:

(a) A person or entity that has already filed a proof of claim against the Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 10;

(b) A person or entity whose claim is listed on the Schedules if (i) the claim is

not scheduled as "disputed," "contingent," or "unliquidated" and (ii) you do not disagree with the amount, nature and priority of the claim as set forth in the Schedules [and (iii) you do not dispute that your claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules];

(b) A holder of a claim that has previously been allowed by order of the Court;

(c) A holder of a claim that has been paid in full by any of the Debtors;

(d) A holder of a claim for which a specific deadline has previously been fixed by this Court;

(e) A holder of a claim allowable under § 503(b) and § 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates.

If you are a holder of an equity interest in the Debtors, you need not file a proof of interest with respect to the ownership of such equity interest at this time. However, if you assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, a proof of such claim must be filed on or prior to the Bar Date pursuant to procedures set forth in this Notice.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or

unexpired lease as to which the order authorizing such rejection is dated on or before

_____ , the date of entry of the Bar Order, you must file a proof of claim by the Bar Date. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Order, you must file a proof of claim with respect to such claim by the date fixed by the Court in the applicable order authorizing rejection of such contract or lease.

6. **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

   ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

7. **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

   You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

   If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

   As set forth above, if you agree with the nature, amount and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules are available for inspection on the Court's Internet Website at http://www.nysb.uscourts.gov.  A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.  Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408.  Copies of the Debtors' Schedules may also be obtained by written request to Debtors' counsel at the address and telephone number set forth below:

**A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.**

Dated: New York, New York            **BY ORDER OF THE COURT**

_____ \_\_\_, 2011

Backenroth Frankel & Krinsky, LLP
489 Fifth Avenue
New York, New York   10017
(212) 593-1100

COUNSEL FOR THE
DEBTORS AND DEBTORS IN